IN THE UNITED STATERS DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY PECK, on behalf of himself and
all others similarly situated,
         Plaintiffs,

v.                                                   No. 1:22-cv-00490-SMD-JFR

PROGRESSIVE NORTHERN
INSURANCE COMPANY, et al.

         Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Doc. 54 ("Mot. for Prelim. Approval"), the terms of which are set forth in a Settlement Agreement and Release between Plaintiffs and Defendants Progressive Northern Insurance Company, Progressive Advanced Insurance Company, Progressive Casualty Insurance Company, Progressive Classic Insurance Company, Progressive Commercial Casualty Company, Progressive Direct Insurance Company, Progressive Max Insurance Company, Progressive Northwestern Insurance Company, Progressive Preferred Insurance Company, Progressive Specialty Insurance Company, Progressive West Insurance Co. n/k/a Drive Insurance Company, National Continental Insurance Company, and United Financial Casualty Company (collectively referred to as "Progressive" or "Defendants") (together with Plaintiffs, the "Parties"), attached as **Exhibit 1** to the Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1. **<u>Class Certification for Settlement Purposes Only.</u>** The Settlement Agreement provides for a Settlement Class defined as follows:

All Progressive policyholders between January 1, 2009, and April 30, 2025, who:

a. Resided in New Mexico; and

b. Purchased or otherwise paid for an insurance policy that included stacked UM/UIM Coverage while insuring a single covered vehicle.

Excluded from the Settlement Class are: 1) any claimant who has separately filed suit against any of the Released Parties up to the Notice Date, the subject of which suit is based on or contests the value or benefits provided for stacked UM/UIM Coverage on a single-vehicle insurance policy; 2) any of the Judge(s) presiding over this Action; (3) Progressive and any employee of Progressive; and (4) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rule of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this Action on behalf of the

Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Action.

2. **Settlement Class Representative and Class Counsel.** The Court finds that Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Geoffrey Romero of Romero Harada & Winters, Ray M. Vargas, II of The Vargas Law Firm, LLC, and Paul Zebrowski and Thomas A. Biscup of Zebrowski Law will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arm's length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on Monday, February 23, 2026, at 2:00 p.m. at the United States District Court for the District of New Mexico, United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico 88001, where the Court will determine, among other things, whether: (a) this Action should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representatives for a Service Award should be approved.

6. **Settlement Administrator.** The Court appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice.** The proposed notice program set forth in the Settlement Agreement and Claim Form and the Notices attached to the Settlement Agreement as **Exhibits A, B, C, and D** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice.** The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and New Mexico Constitutions.  The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.  The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice.** Within ten (10) days after the filing of this Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendants shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must submit a valid and timely Request for Exclusion.  Valid Settlement Class Member Requests for Exclusion must be submitted to the Settlement Administrator postmarked no later than forty-five (45) days after the Notice Date.  In order to validly be excluded

from the Settlement, the potential Settlement Class Member must send a letter that says he or she wants to be excluded from the Settlement in *Jeremy Peck v. Progressive Northern Insurance Company, et al.*, United States District Court for the District of New Mexico, Case No. 1:22-cv-00490-KWR-JFR, to Progressive and Class Counsel at the addresses identified in the Class Notice. The letter must include the Settlement Class Member's name, address, and signature. Class Counsel shall provide information regarding any such Settlement Class Members who opt out to the Court before the final approval hearing.

Progressive shall have the right to terminate the Settlement if more than 200 persons opt out of the Settlement Class. If Progressive chooses to exercise this provision, the case will resume as if the Settlement never took place.

If a Final Order and Judgment is entered, all persons falling within the definition of the Settlement Class who do not submit valid and timely requests to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances.** A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the short-form Notice sent by email or U.S. mail to Class Members and the Long Form Notice posted on the Settlement Website. The Long Form Notice and the Settlement Website shall instruct Settlement Class Members who wish to object to the Settlement Agreement to send their written objections to the Settlement Administrator at the address indicated in the Long Form Notice. The Long Form Notice shall advise Settlement Class Members of the deadline for submission of any objections—

the Objection Deadline—which is no later than forty-five (45) days after the Notice Date. Any such notices of an intent to object to the Settlement Agreement must be written and must include: (a) the objector's full name, address, telephone number, and e-mail address (if any); (b) information identifying the objector as a Settlement Class Member; (c) a written statement of all grounds for the objection, accompanied by any legal support the objector cares to submit; (d) the identity of all lawyers (if any) representing the objector; (e) the identity of all of the objector's lawyers (if any) who will appear at the Final Fairness Hearing; (f) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (g) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (h) the objector's signature or the signature of the objector's duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation).

In addition to the foregoing, objections should also provide the following information: (a) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through a lawyer) has filed an objection to any proposed class action settlement within the last three (3) years; (b) a list, by case name, court, and docket number, of all other cases in which the objector's lawyer (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years; and (c) a list, by case number, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. The provisions stated in Section IX of the

Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process for Those Class Members Eligible for Other Payments.** Settlement Class Counsel and Defendants have created a process for certain Settlement Class Members, namely those Settlement Class Members eligible to receive Other Payments, to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to those Settlement Class Members eligible for Other Payments in the manner specified in the Notice Plan.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Long Form Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for Other Payments under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Long Form Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Process for Class Members Eligible for Automatic Payments.** Pursuant to the Settlement Agreement, those Class Members entitled to an Automatic Payment are not required to submit a claim. Those Class Members entitled to an Automatic Payment in an amount equal to or greater than Ten Dollars ($10.00) will receive a check by mail to the address the Settlement Administrator has on file, or may go to the Settlement Website and either (a) provide an updated

address to which the Settlement Administrator will send the check, or (b) elect a payment method other than check (*e.g.*, PayPal, Venmo, EpiqPay) to receive payment. Settlement Class Members entitled to receive an Automatic Payment in an amount less than Ten Dollars ($10.00), however, must select a payment option through the Settlement Website in accordance with the procedures specified in the Long Form Notice.

The Court preliminarily approves this process for Class Members eligible for Automatic Payments. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for Automatic Payments in an amount less than $10.00, but fail to select a payment method in accordance with the requirements and procedures specified in the long-form Notice, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

14.     **Termination of Settlement.** If the Effective Date of the Settlement does not occur, or if the Settlement is terminated or fails to become effective for any reason, then (a) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (b) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. The Settlement Administrator shall return the Settlement Fund, and any other monies received from Progressive, less any amounts due to the Settlement Administrator.

15. **Use of Settlement and Order.** The Settlement and its preliminary approval is not to be deemed an admission of liability or fault by Defendants or by any of the Released Parties, or a finding of the validity of any claims asserted in the Action, or of any wrongdoing or of any violation of law by Defendants or any of the Released Parties, or an admission by Defendants or Released Parties as to the certifiability of a litigation class in the Action, or any other case. Nor shall the Settlement and its preliminary approval be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit. Neither the preliminary certification of this Settlement Class, nor the Settlement Agreement, nor the fact that it was entered into, nor any of its terms, provisions or exhibits, nor any of the negotiations or proceedings connected with it, nor any filings or arguments made to the Court in support of preliminary approval of the Settlement, may be offered, received or construed, in any pending or future civil, criminal or administrative action, as: (i) an admission of or evidence of liability or fault by Defendants or any of the Released Parties or a finding of the validity of any claims asserted in the Action or of any wrongdoing or of any violation of New Mexico law by any of the Released Parties or; (ii) an admission of or evidence of the appropriateness of certification of a litigation class; or (iii) as evidence for any purpose in this or any other proceeding, including as to the certification of any class, except that such materials may be offered or received in proceedings to enforce the Agreement or if Defendants, at their sole discretion, stipulate to the admission of such evidence. Notwithstanding the foregoing, any of the Defendants or Released Parties may file the Agreement, or any judgment or order of the Court related to it, in any other

10

action that may be brought against them, to support any defenses based on *res judicata*, collateral estoppel, release, or any other theory of claim preclusion or issue preclusion.

16. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

17. **Stay of Action.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, the Court hereby enjoins the Class Representative and all Settlement Class Members from filing or prosecuting any claims, suits, or administrative proceedings regarding the Released Claims pending Final Approval of the Settlement Agreement.

18. **Schedule and Deadlines.** The Court orders the following schedule of dates for the specified actions/further proceedings:

**SETTLEMENT TIMELINE**

| Event | Date |
|---|---|
| **Grant of Preliminary Approval** | |
| Notice Date | 30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 28 days before Final Fairness Hearing |
| Objection Deadline | 45 days after Notice Date |
| Opt-Out Deadline | 45 days after Notice Date |

| | |
|---|---|
| Claims Deadline for Class Members Eligible for Other Payments | 90 days after Notice Date |
| Deadline for Class Members Eligible for Automatic Payments Less than $10.00 to Select Payment Form | 90 days after Notice Date |
| Final Approval Hearing | February 23, 2026 at 2:00 p.m. |
| Motion for Final Approval | Filed after the Notice, Objection and Opt-Out Deadlines, but at least 14 days before Final Fairness Hearing. |

**IT IS SO ORDERED.**

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**